**BODOVITZ** et al. v **STATE** ex rel. HODGE, Co. Atty.

No. 15101—Opinion Filed Feb. 19, 1924.

Rehearing Denied Dec. 16, 1924.

(Syllabus.)

Case Followed.

The syllabus in the companion case, Emmett Key and J. A. Bodovitz v. State of Oklahoma ex rel. John L. Hodge, County Attorney, No. 15099, in this court, 101 Okla. 211, 224 Pac. 549, is adopted as the syllabus here.

Error from District Court, Carter County; W. F. Freeman, Judge.

Injunction by the State on the relation of John L. Hodge, County Attorney, against J. A. Bodovitz and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Sigler & Jackson, for plaintiffs in error.

John L. Hodge, for defendant in error.

LYDICK, J. This is a companion case to cause No. 15099 in this court, entitled "Emmett Key and J. A. Bodovitz, Plaintiffs in Error, v. State of Oklahoma ex rel. John L. Hodge, County Attorney, Defendants in Error." The history of all three of these cases in the lower court is practically the same. The opinion this day handed down in this court in the first of these cases is equally applicable here on questions of both law and fact, and therefore an extensive discussion in this opinion is unnecessary. A final judgment was rendered by the lower court, enjoining the defendants from operating a rooming house owned by the defendant Bodovitz, and operated by defendant Ford, on grounds that the prohibitory laws were being violated therein and the same constituted a public nuisance.

The only competent and material evidence produced in the case is as follows: A hired itinerant detective testified that about the 3rd of January, 1924, he bought a half pint of corn whisky for $2 of the defendant Jones in this rooming house. A policeman testified that about eight weeks, or longer, before that time "we closed it and get all the whisky out of it," but on cross-examination admitted that the whisky was not found in the rooming house, but in a stairway somewhere in the building. The amount of whisky found by the policeman does not appear in the record, and we have no way of knowing whether it was a carload or a half pint. He said the place had a bad reputation. It was established that about that time the place had been closed by an order of injunction in a similar case and upon similar grounds, but we are unable to know whether that injunction was issued on as nearly complete lack of evidence justifying it as this one was.

Rather unsatisfactory proof was offered that Red Jones was employed by the defendant Ford, whom we charitably presume, in the absence of evidence, owned the rooming house in the building which was probably owned by the defendant Bodovitz, but no effort was made to prove that Ford authorized or even knew that Red Jones sold this half pint of whisky, or that Bodovitz, the owner of the building, knew or even heard of that transaction or of the whisky in unknown quantities found therein by the policeman. Upon this testimony, a substantial business building has its doors locked, even to legitimate business, for a period of one year.

It is urged by the county attorney that the defendant Ford is a desperate, professional, and notorious violator of the prohibitory laws and is a menace to society. If that be true, he may well be encouraged to continue his nefarious course, with knowledge of the fact that the county attorney, bound by law to rid society of a character like him, will rest the prosecution of such an important case against him as this one upon such scant evidence as is produced here. By no process of reasoning can it be said that the evidence in the record before us justifies an injunction to close for a year a building like this, as ordered by the lower court.

The judgment of the district court is reversed, and the case is remanded, with instructions to set aside the order of injunction and to grant a new trial herein; to forthwith return to the defendants the peaceable possession of all property seized under the order of injunction rendered by the lower court; to permit the defendants

to further plead herein and upon further trial, in event it appears by a preponderance of the evidence that the state is entitled to injunctive relief, to grant only such relief as from a preponderance of the competent evidence appears necessary in the enforcement of the laws involved and in accordance with this opinion of the court.

JOHNSON, C. J., and McNEILL, NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.